IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2013 SEP 25 P 4: 18

JOSHUA E. STRICKLAND and
BRANDI B. STRICKLAND,

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

    Plaintiffs,         )
                               )
v.                          )    CASE NO. 2:13-CV-696
                               )
CROWN PARK RESORT, LLC;    )
ORANGE LAKE COUNTRY CLUB, INC.;  )    **JURY TRIAL DEMANDED**
ORANGE LAKE COUNTRY CAPITAL    )
MANAGEMENT; CONCORD;        )
CONCORD SVC,               )

    Defendants.

## <u>COMPLAINT</u>

NOW COME Plaintiffs Joshua E. Strickland and Brandi B. Strickland (hereinafter the "Stricklands"), by and through undersigned counsel, and files the following Complaint against all Defendants named in the above-styled matter, and as grounds for same show unto the Court as follows:

### <u>JURISDICTION AND VENUE</u>

1.     This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. §§ 1681p and 1692k(d); and 28 U.S.C. 1367.

2.     At all relevant times, the Stricklands resided in this district and a substantial part of the events and omissions giving rise to the claims occurred in this district.

## STATEMENT OF THE PARTIES

3.     Joshua E. Strickland is over the age of 19 years and is a resident of  Millbrook, Alabama.

4.     Brandi B. Strickland is over the age of 19 years and is a resident of Millbrook, Alabama.

5.     Defendant Crown Park Resort, LLC is a limited liability company formed outside the State of Alabama which has its principal place of business in the State of South Carolina.

6.     Defendant Orange Lake Country Club, Inc. is a corporation formed outside the State of Alabama which has its principal place of business in the State of Florida.

7.     Defendant Orange Lake Country Capital Management is a corporation formed outside the State of Alabama which has its principal place of business in the State of Florida.

8.     Defendant Concord is a corporation formed outside the State of Alabama which has its principal place of business in the State of Arizona.

9.     Defendant Concord SVC is an entity which has its principal place of business in the State of Arizona.

10.    For all relevant times, Defendants were engaged in the business of collection of debts. Defendants are regularly engaged in the practice of debt collection.

## STATEMENT OF THE FACTS

11.    The Stricklands adopt and incorporate by reference ¶¶ 1-10 of the Complaint as if set out more fully herein.

2

12.     On or about November 13, 2007, the Stricklands purchased a timeshare interest in a condominium for a purchase price of approximately $9,000.

13.     The Stricklands purchased the timeshare on credit and under the liability of a promissory note, which required monthly payments to be made.

14.     Sometime after the date of purchase, the Stricklands fell behind on making timely monthly payments pursuant to the promissory note.

15.     As part of its collection practices, Defendants regularly report information to major consumer reporting agencies (hereinafter "CRAs"), such as Equifax, Transunion and Experian, regarding the debts Defendants are owed. That information appears as part of the credit file maintained by the CRAs regarding the consumers that Defendants claim as debtors.

16.     The Sticklands' late payments resulted in a negative effect to their credit score as the Defendants reported these late payments to credit reporting agencies.

17.     On or about September 9, 2009, the Stricklands executed a Warranty Deed in Lieu of Foreclosure, in effect deeding all interest in the timeshare to Defendant Crown Park Resort, LLC.

18.     The Warranty Deed in Lieu of Foreclosure was bargained for and agreed upon between the Stricklands and Defendant Crown Park Resort, LLC as a settlement of any and all obligations under the previous Promissory Note from November 13, 2007.

19.     The effect of this Warranty Deed in Lieu of Foreclosure was to release the Stricklands of any and all liabilities owed pursuant to the previous promissory note from November 13, 2007.

20.     From September 2009 to January 2013, the Stricklands diligently worked to repair their credit score in an effort to qualify for purchasing a home.

3

21.     Although the Stricklands were able to increase their credit score, the Defendants had continued to report false information to the CRAs after the Warranty Deed in Lieu of Foreclosure was executed.

22.     In January 2013, the Stricklands' mortgage broker pulled their credit report and, despite the false information, their credit score had risen to an acceptable level to qualify for a mortgage to purchase a home.

23.     In late February 2013, the Stricklands found a home to purchase and executed a contract with the seller of the home.

24.     Contemporaneously with agreeing to buy this home in February 2013, the Stricklands attempted to lock in an interest rate for a mortgage with their mortgage broker.

25.     The Stricklands' credit report had to be pulled a second time in order to lock in said interest rate for a mortgage.

26.     Upon receipt of the Stricklands' credit report, their credit score had been negatively affected due to Defendants additional furnishing of false information to the CRAs.

27.     The Stricklands' credit score was negatively affected by Defendants' negative reporting to the CRAs.

28.     The Stricklands' ability to qualify for a mortgage was negatively affected and delayed by Defendants' negative reporting to the CRAs.

29.     Due to Defendants' negative reporting to the CRAs, the Stricklands' purchase of their home was delayed from February 2013 to May 2013.

30.     Due to this delay and the negative affect to the Stricklands' credit score, the costs associated with closing their mortgage loan were higher.

4

31.     Due to this delay and the negative affect to the Stricklands' credit score, the mortgage loan interest rate for which they locked in, for a term of thirty (30) years, was one-half percent (0.5%) higher than it would have been.

32.     The higher mortgage interest rate resulted in a monthly payment that is Fifty-Six Dollars ($56) higher than it would have been.

33.     The increased cost associated with closing the mortgage and the increased mortgage loan interest rate have caused damage to the Strickland's by approximately $24,100 over the life of the mortgage loan.

34.     Also, due to the delay and the negative affect to the Stricklands' credit score, their premium for homeowners insurance was more than it would have been and will continue to be more for the life of the mortgage.

### COUNT I - FDCPA VIOLATIONS

35.     The Stricklands adopt and incorporate by reference ¶¶ 1-34 of the Complaint as if set out more fully herein.

36.     This is a claim asserted against Defendants for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter the "FDCPA").

37.     Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The debt which Defendants have attempted to collect and which was the subject of the information supplied by Defendants to the consumer reporting agencies as described above is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

5

38.     Defendants have violated the FDCPA in connection with their attempts to collect on an alleged consumer debt and, most notably, their credit reporting regarding the alleged debt. Defendants' violations include, but are not limited to, the following:

A.     Attempting to collect amounts which are not authorized by any contract or judgment in violation of 15 U.S.C. § 1692f(1);

B.     Communicating to third parties, including consumer reporting agencies, false information. This false information included reporting that the Stricklands owed a debt to Defendants when Defendants knew or, had a reasonable investigation been made, should have known was not owed by the Stricklands and failing to report that the debt was disputed. This is a violation of 15 U.S.C. § 1692e(8).

39.     As a proximate result of Defendants violations of the FDCPA, the Stricklands have suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to their credit and reputation.

40.     As a result of its violations of the FDCPA, Defendants are liable to the Stricklands for actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; costs and attorneys fees; and for declaratory judgment that Defendants' conduct violated the FDCPA.

WHEREFORE, the Stricklands respectfully request that judgment be entered against Defendants for the following:

6

A.  Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to their credit and reputation;

B.  Statutory damages pursuant to 15 U.S.C. 1692k;

C.  Declaratory Judgment that Defendants' conduct violated the FDCPA;

D.  Costs and reasonable attorneys fees pursuant to 15 U.S.C. 1692k;

E.  Such other and further relief as this Court deems just and proper, the premises considered.


## PLAINTIFFS DEMAND TRIAL BY STRUCK JURY


**DONE** this the 25th day of September, 2013.

_____
**MICHEAL S. JACKSON [JACK8173]**
**JESSE K. ANDERSON [ANDE8821]**
Attorneys for Defendants Joshua E. Strickland
and Brandi B. Strickland
JACKSON, ANDERSON & PATTY, P.C.
250 Commerce Street, Suite 100
P. O. Box 1988
Montgomery, AL 36102-1988
(334) 834-5311
(334) 834-5362 (fax)
mjackson@jaandp.com
jkanderson@jaandp.com

7

**DEFENDANTS MAY BE SERVED**
**VIA CERTIFIED MAIL,**
**RETURN RECEIPT REQUESTED**
**AS FOLLOWS:**

**CROWN PARK RESORT, LLC**
c/o Richard B. Josey, Registered Agent for Service of Process
8800 Marina Parkway
Myrtle Beach, SC  29572

**ORANGE LAKE COUNTRY CLUB, INC.**
c/o National Registered Agents, Inc.
2 Office Park Court, Suite 103
Columbia, SC  29223

**ORANGE LAKE COUNTRY CAPITAL MANAGEMENT**
c/o Thomas Nelson, President
8505 W. Irlo Bronson Hwy
Kissimmee, FL  34747

**CONCORD**
c/o Colin Tsosie
4150 N. Drinkwater Blvd.
Suite 200
Scottsdale, AZ  85251

**CONCORD SVC**
c/o Colin Tsosie
4150 N. Drinkwater Blvd.
Suite 200
Scottsdale, AZ  85251